CLERK'S COPY

FILED
AT ALBUQUERQUE NM

APR 28 2000

ROBERT M. MARCH
CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

Plaintiff,

v.

MIGUEL QUINTERO-CARO,

Defendant.

No. CIV-00-0446 LH/KBM
CR-97-378 LH

## MEMORANDUM OPINION AND ORDER

This matter is before the Court *sua sponte* to review Defendant's motion for reduction of sentence. Defendant pled guilty to one count of an indictment under 8 U.S.C. § 1326 (reentry of deported alien). Defendant alleges that, because he is a deportable alien, the Federal Bureau of Prisons considers him ineligible for a pre-release custody program authorized under 18 U.S.C. § 3624. Defendant argues that his ineligibility for the program is a mitigating factor for which he was entitled to a downward departure under 18 U.S.C. § 3553(b). His sentence calculation did not include the departure, and he asks that his sentence now be reduced accordingly. Defendant also asserts a claim under 18 U.S.C. § 3582(c)(2) and Sentencing Guideline Amendment 371.

The claim for sentence reduction based on Defendant's alienage will be denied. "Unless specifically prohibited by the Sentencing Guidelines, any factor may be considered as a potential basis for departure." *United States v. Fagan*, 162 F.3d 1280, 1283 (10th Cir. 1998) (citing *Koon v. United States*, 518 U.S. 81, 109, 116 S.Ct. 2035, 2051 (1996)). Defendant cites to certain cases which, he asserts, have allowed the requested departure based on deportability. *See United States v. Smith*, 27 F.3d 649, 655 (D.C. Cir. 1994) ("downward departure may be appropriate where the defendant's status as a deportable alien is likely to cause a fortuitous increase in the severity of his



sentence"); *United States v. White*, 71 F.3d 920, 922 (D.C. Cir. 1995) (dicta, noting trial court ruling not included in appeal). Before the *Koon* decision, the Tenth Circuit had adopted the reasoning of the Second Circuit in rejecting deportable alien status as a basis for downward departure. *United States v. Mendoza-Lopez*, 7 F.3d 1483, 1487 (10th Cir. 1993); *see United States v. Restrepo*, 999 F.2d 640, 647 (2d Cir. 1993) ("as a basis for downward departure, deportability is at best a factor at war with itself."). More recently, the First Circuit ruled "that [deportability] is insufficient, as a matter of law, to warrant a downward departure. *United States v. Clase-Espinal*, 115 F.3d 1054, 1056-60 (1st Cir.), *cert. denied*, 522 U.S. 957 (1997); *but cf. United States v. Rodriguez-Lopez*, 198 F.3d 773, 777 (9th Cir. 1999) (rejecting categorical approach). Defendant's deportability was not "sufficient to take the case out of the Guideline's heartland," *Koon*, 518 U.S. at 96, and he was not entitled to a reduction.

The claim for reduction pursuant to Guideline Amendment 371 will also be denied. The scope of relief available under § 3582(c)(2) is narrow: if, after a defendant is sentenced, the Sentencing Commission subsequently lowers the applicable sentencing range, the defendant may move for reduction of sentence in accordance with the factors in 18 U.S.C. § 3553(a). §3582(c)(2). Here, Amendment 371 was enacted November 1, 1991, approximately six years before Defendant was sentenced, and the Court thus has no authority to modify the sentence. The motion will be denied.

IT IS THEREFORE ORDERED that Defendant's motion for reduction of sentence is hereby DENIED with prejudice, and this civil proceeding is DISMISSED.

UNITED STATES DISTRICT JUDGE